**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4283**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIELLE DEVONA JONES, a/k/a Danielle Devonna Jones,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:16-cr-00039-MOC-DLH-1)

Submitted: February 19, 2019                    Decided: February 28, 2019

Before MOTZ, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra Barrett, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danielle Devona Jones appeals, following a jury trial, from the judgment convicting her of aiding and abetting Hobbs Act robbery and the discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), 1951(a) (2012). On appeal, Jones contends that the evidence was insufficient to convict her of the firearm offense, that the district court plainly erred in its instructions to the jury regarding Jones' knowledge of her confederate's use of a gun to commit the robbery, and that the Government committed prosecutorial misconduct. We affirm.

I

We review de novo a district court's denial of a motion for judgment of acquittal. *United States v. White*, 810 F.3d 212, 228 (4th Cir. 2016). In reviewing the sufficiency of the evidence, we examine "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis and internal quotation marks omitted). "A defendant challenging on appeal the sufficiency of the evidence bears a heavy burden . . . ." *United States v. Hamilton*, 699 F.3d 356, 361 (4th Cir. 2012) (internal quotation marks omitted). "A conviction will be reversed for insufficient evidence only in the rare case when the prosecution's failure is clear." *Id.* at 361-62 (internal quotation marks omitted).

Under federal law, one who commits or "aids, abets, counsels, commands, induces or procures" the commission of a crime "is punishable as a principal." 18 U.S.C. § 2. To prove aiding and abetting, the Government must establish that the defendant (1) took "an

2

affirmative act in furtherance of [an] offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014). Under *Rosemond,* a defendant manifests the intent to aid and abet a § 924(c) violation when the defendant has "advance knowledge" that her confederate will carry or use a gun to commit the crime of violence or gains that knowledge at a time when she could remove herself from the criminal activity but fails to do so. *Id.* at 77-78.

Applying these principles, we conclude that the record contains sufficient evidence from which a jury could conclude that Jones had the opportunity to withdraw from the criminal activity after learning that her confederate used a firearm to rob a store. Jones does not challenge her conviction for aiding and abetting the robbery of the Dollar General. Even assuming that Jones did not know her codefendants had or planned to use a firearm to rob the store, a jury could reasonably determine that Jones had two separate opportunities to withdraw from this criminal activity after learning that a gun had been used. First, upon hearing the gunshot in the store, Jones could have driven away or abandoned the vehicle. Second, Jones could have immediately pulled over when law enforcement attempted to stop her vehicle, thereby surrendering and demonstrating her unwillingness to continue aiding in the crime. A jury could reasonably conclude that Jones, in attempting to flee from police, continued to aid and abet the criminal activity, even after learning that a firearm had been used to rob the store. Therefore, this argument is unavailing.

II

Jones did not object to the district court's jury instructions regarding aiding and abetting and Jones' knowledge regarding the use of a firearm to rob the Dollar General. Therefore, we review the district court's jury instructions for plain error. *United States v. Shrader*, 675 F.3d 300, 308 (4th Cir. 2018). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018).

As discussed above, to convict a defendant for aiding and abetting a § 924(c) violation, *Rosemond* requires that a defendant have "advance knowledge" that her confederate will carry or use a gun to commit the crime of violence, or she must gain that knowledge at a time in which she can choose to remove herself from the criminal activity. 572 U.S. at 77-78. The district court's instructions correctly identified the requirement of advance knowledge and accurately stated that the knowledge requirement was met if Jones learned about the gun and its use after the robbery began, so long as she had a reasonable opportunity to withdraw but chose to continue her participation. Therefore, we find no error, much less plain error, in the district court's instruction to the jury regarding this requirement.

III

Jones last claims that the Government engaged in prosecutorial misconduct by continuing to pursue the charges of aiding and abetting Hobbs Act robbery and

discharging a firearm in furtherance of a crime of violence after dismissing those charges against a codefendant who pleaded guilty, pursuant to a plea agreement, to being a felon in possession of a firearm. The record does not support Jones' argument that the Government violated our clear rules on grand jury abuse. *See United States v. Alvarado*, 840 F.3d 184, 189 (4th Cir. 2016). And "[t]he government ordinarily has wide latitude in deciding whether to prosecute," save for decisions based "on an unjustifiable standard such as race, religion or other arbitrary classification." *United States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012) (internal quotation marks omitted). Jones' argument provides no basis for concluding that the Government acted improperly in continuing to pursue charges against her after dismissing charges against the codefendant. Therefore, Jones has not shown prosecutorial misconduct.

Accordingly, we affirm the judgment of the district court. We deny Jones' motions for leave to file pro se supplemental briefs or to expand the record on appeal. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*